**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1363
_____

GREG W. EARNEST,

                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:15-cv-00293)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016
Before:  CHAGARES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: October 26, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Greg W. Earnest appeals from the District Court's order dismissing his complaint. Because the appeal presents no substantial question, we will summarily affirm.

Earnest filed a complaint in the District Court against the Commissioner of Social Security in November 2015. The complaint asserted that Earnest had been reassessed for eligibility for social security benefits in April 2015, that the agency has found that he was still disabled, and that he thereafter continued to receive benefits. Earnest conceded that he appealed that benefits determination even though he was eligible to receive benefits, and asserted vaguely that the Social Security Administration was obstructing his case.

A Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and for subject matter jurisdiction. Because the complaint was not an appeal from a final decision of the Social Security Administration, the Magistrate Judge concluded that the only possible jurisdictional basis for the complaint was as a petition for a writ of mandamus. The Magistrate Judge then concluded that the complaint did not state any plausible claim for a writ of mandamus and that any amendment would have been futile. Earnest did not file objections to the Magistrate Judge's report and recommendation. The District Court adopted the report and recommendation as the opinion of the court and dismissed the complaint without leave to amend. This appeal followed.

On appeal, Earnest moved for the appointment of counsel. In response, the Commissioner opposed the appointment of counsel and moved that we dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) or summarily affirm the District Court's judgment

2

pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. Earnest thereafter moved for "judgment on the pleadings" on the ground that "defence [sic] has proved my case" because "they have filed actions to block a disabled plaintiff that was disabled due to legal matters and violations of law." Earnest's motion also asserted that his disability benefits were insufficient and that he faced numerous struggles in his life. The Commissioner opposed that motion as well.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The complaint was subject to dismissal "if the pleading [did] not plausibly suggest an entitlement to relief," and our review of that question is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (per curiam). We may summarily affirm the District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

There is no substantial question that the District Court was correct to dismiss Earnest's complaint for failure to state a claim. The complaint conceded that it was not an appeal from a final decision of the Social Security Administration, which means that the District Court's jurisdictional analysis was inarguably correct. See 42 U.S.C. § 405(g). Moreover, Earnest's complaint set forth no plausible basis for a mandamus petition; it is based wholly on vague and conclusory statements alluding to obstruction of some kind at the agency. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). And based on the allegations as set out in the complaint and on Earnest's further statements on appeal, it is clear that any amendment would have been futile—Earnest's remedy, if any, lies in

3

proceedings before the Social Security Administration.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Should Earnest receive a final decision from the Social Security Administration in any further proceedings, he may then seek to pursue an appeal to the District Court so long as his complaint conforms to the requirements for such an appeal.  See 42 U.S.C. § 405(g).

Consequently, we will affirm the judgment of the District Court.  We deny Earnest's motions for appointment of counsel and judgment on the pleadings, as well as the Commissioner's motion to dismiss.